UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN BONNER,

    Plaintiffs,

                                          Case No. 24-cv-11484

v.                                       Hon. Matthew F. Leitman

FARAH AYOUB, *et al.*,

    Defendants.

_____/

## ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFF'S APPLICATION AND AMENDED APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF Nos. 2, 6) AND (2) DIRECTING PLAINTIFF TO SHOW CAUSE WHY THE COURT SHOULD NOT DISMISS HIS COMPLAINT

On June 3, 2024, Plaintiff Shawn Bonner filed this civil-rights action against several Defendants involved in his state-court criminal prosecution. (*See* Compl., ECF No. 1.) Bonner has also filed applications to proceed *in forma pauperis*. (*See* Application, ECF No. 2; Am. Application, ECF No. 6.)

The Court has reviewed both Bonner's application and amended application to proceed *in forma pauperis*, and it **DENIES** both applications **WITHOUT PREJUDICE**. In neither application did Bonner provide a substantive response to any question included in the application. Instead, he answered "N/A" to every single question, including questions related to the amount of his wages, the amount of his savings, and his current debts and/or financial obligations. (*See* Am. Compl., ECF

1

No. 6, PageID.31-32.) Without answers to these questions, the Court cannot determine whether Bonner qualifies for *in forma pauperis* status. In addition, Bonner did not declare "under penalty of perjury" that the information he provided in his applications was true and accurate. Instead, he signed his applications "without prejudice." (*Id.*, PageID.32.)

For all of these reasons, the Court cannot grant Bonner *in forma pauperis* status at this time. By no later than **August 30, 2024**, Bonner shall either (1) pay the required filing fee or (2) file a new *in forma pauperis* application. If Bonner files a new *in forma pauperis* application, he shall provide substantive answers to each and every question in the application, and he shall sign the form without reservation and under the penalty of perjury. If Bonner does not comply with this order as set forth above, the Court will dismiss this action without prejudice.

Finally, if the Court does grant Bonner *in forma pauperis* status, it will be required to screen the complaint and dismiss it if it (i) asserts frivolous or malicious claims, (ii) fails to state a claim upon which relief may be granted, and/or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). *See also McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). While the Court must liberally construe documents filed by *pro se* plaintiffs, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), Federal Rule of Civil Procedure 8(a) requires that all complaints, including those filed by *pro se* plaintiffs, set forth "a

short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

The Court has conducted a preliminary review of Bonner's Complaint, and it is not persuaded that he has stated any claims upon which relief may be granted. First, as with his *in forma pauperis* applications, Bonner has signed his Complaint "without prejudice." (Compl., ECF No. 1, PageID.6.) That is insufficient. Bonner must sign the Complaint without any reservation. Moreover, while Bonner appears to name several different individuals as Defendants, he has neither (1) specifically identified what claims he seeks to bring against which Defendants nor (2) pleaded any facts that could support any of his claims. Instead, he just lists his claims without

any supporting facts. (*See id.*, PageID.5.) Thus, he has not provided the Defendants "fair notice of what [his] claim[s are] and the grounds upon which [they] rest." *Twombly*, 550 U.S. at 555.

Accordingly, by no later than **August 30, 2024**, Bonner shall either **SHOW CAUSE**, in writing, why the Court should not dismiss his Complaint without prejudice for failure to state a claim or file a First Amended Complaint. In either response to this order, Bonner shall, among other things, (1) identify for each individual Defendant what claims he seeks to bring against that Defendant and (2) include factual allegations that could support each claim for relief. If Bonner does not file a response as set forth above, the Court will dismiss this action without prejudice.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 24, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 24, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126